Jo-Ann Chianella
18521 E Queen Creek Rd., Ste 105-604
Queen Creek, AZ 85142

480-430-3580

**PRO SE**

FILED ___ LODGED
___ RECEIVED ___ COPY
AUG 1 8 2010
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jo-Ann Chianella<br><br>Plaintiff,<br><br>vs.<br><br>BAC Home Loans Servicing, LP<br><br>Defendant | CV CIV '10 1764 PHX ROS<br><br>**PETITION FOR RESTRAINING ORDER** |

Date: August 18, 2010

Comes now Jo-Ann Chianella, hereinafter referred to as "Petitioner," and moves the court for relief as herein requested:

**PARTIES**

Petitioner is Jo-Ann Chianella, 18521 E Queen Creek Rd., Ste 105-604 Queen Creek, AZ 85142. Currently Known Defendant(s) are/is: BAC Home Loans Servicing, LP 400 Countrywide Way, Simi Valley, CA 93065

    Plaintiff will suffer imminent and irreparable injury if defendant is not enjoined from foreclosing on the property owned by Plaintiff. Fed. R. Civ. P. 65(b)(1); *see Sampson v. Murray*, 415 U.S. 61, 88-89 & n.59, 94 S. Ct. 937, 951-52 & n.59 (1974).

    There is no adequate remedy at law because once the foreclosure sale has taken place Plaintiff will suffer the complete loss of the property as defendant will sell the property to a third party who will have a right to possession without regard to the claims Plaintiff has against defendant. {*See N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306, 105 S. Ct. 459, 459 (1984); *Wilson v. Ill. S. Ry. Co.*, 263 U.S. 574, 576-77, 44 S. Ct. 203, 203-04

25 (1924); *Winston v. Gen. Drivers, Warehousemen & Helpers Local Un. No. 89*, 879 F. Supp. 719,
26 725 (W.D. Ky. 1995.

27 There is a substantial likelihood that plaintiff will prevail on the merits. *Schiavo v. Schiavo*,
28 403 F.3d 1223, 1225 (11th Cir. 2005). Plaintiff will be able to show that:

29 Defendant has no agency to represent the real party in interest;

- that the alleged real party in interest is unable to prove standing to foreclose against and sell the property;

- that the lender committed numerous acts, as listed above, that have the effect of rendering the contract, through which defendant claims authority, void and unenforceable.

35 The threatened harm to plaintiff outweighs the harm that a preliminary injunction would
36 inflict on defendant. *Schiavo*, 403 F.3d at 1225-26. If defendant is temporarily restrained from
37 selling the instant property, the defendant will benefit as plaintiff is forced to vacate the property,
38 the property will sit empty for the duration of the action. Plaintiff will suffer loss of the use of
39 said property and will loose opportunity to maintain same and defendant will suffer loss by
40 having to maintain an empty property that cannot be insured.

41 Issuance of a preliminary injunction would not adversely affect the public interest and public
42 policy because there are already a great number of empty houses with the current residential
43 foreclosure mess. Adding more will simply increase the burden on the local as it will create
44 opportunity for vandalism and further other criminal activity.

45 Plaintiff is willing to post a bond in the amount the court deems appropriate.

46 The court should enter this preliminary injunction without notice to defendant because
47 plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted
48 before defendant can be heard as **defendants sale of the property is scheduled for September
49 2nd, 2010**. *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). If said sale is
50 allowed to take place, Plaintiff will be irreparably harm

51 Plaintiff asks the court to set the request for a preliminary injunction for hearing at the
52 earliest possible time.

## CONCLUSION

For these reasons, plaintiff asks the court to issue a temporary restraining order preventing defendant from foreclosing on the property.

## PRAYER

15. For these reasons, plaintiff asks that the court do the following:

   a. Defendant be prevented from foreclosing on and selling the property until and unless defendant prevails in the current litigation.

   b. Enter judgment for plaintiff.

   c. Award costs of court.

   d. Grant any other relief it deems appropriate.

Respectfully Submitted,

*/s/ Jo-Ann Chianella*

**Jo-Ann Chianella**
**18521 E. Queen Creek Rd., Ste. 105-604**
**Queen Creek, AZ 85142**
**480-430-3580**