BRYAN CAVE LLP, #00145700
Robert W. Shely, #014261
Coree E. Neumeyer, #025787
Michael B. Dvoren, #027386
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
rwshely@bryancave.com
coree.neumeyer@bryancave.com
michael.dvoren@bryancave.com

Attorneys for Defendant BAC Home Loans Servicing, LP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jo-Ann Chianella,<br><br>          Plaintiff,<br><br>     vs.<br><br>BAC Home Loans Servicing, LP,<br><br>          Defendant. | No. CV 10-01764-PHX-ROS<br><br>**MOTION TO DISMISS**<br><br>(Hon. Roslyn O. Silver) |

Defendant BAC Home Loans Servicing, LP ("BAC") respectfully requests that the Court enter an order dismissing Plaintiff Jo-Ann Chianella's ("Chianella") <u>Original Petition</u> (the "Complaint") with prejudice for failing to state any claim upon which relief may be granted. The Complaint fails to support any of the vague and conclusory allegations with even a modicum of factual specificity, thus falling far short of the pleading requirements under Federal Rule of Civil Procedure 8. Additionally, the Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). Also, for the reasons set forth herein, BAC requests that Chianella not be

1  permitted to amend her pleading because any effort to do so would be futile. Bonin v.
2  Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("[f]utility of amendment can, by itself,
3  justify the denial of a motion for leave to amend").

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     BACKGROUND.**

On June 8, 2007, Chianella borrowed $511,116.00 from Countrywide Home Loans, Inc. ("Loan") for the real property located at 5354 S. Peachwood Drive in Gilbert, Arizona ("Property"). A Deed of Trust dated June 8, 2007, and recorded June 20, 2007 ("Deed of Trust"), secures repayment of the Loan and performance of other obligations. [Exhibit A][1] Chianella subsequently defaulted on the Loan and ReconTrust Company, N.A. ("ReconTrust"), the successor trustee, recorded a Notice of Trustee's Sale Arizona on February 4, 2010 ("Sale Notice"). [Exhibit B][2] BAC is the current servicer of the Loan. [See Ex. B]

Chianella filed the Complaint on August 18, 2010 to stop ReconTrust's sale of the Property. The Complaint alleges numerous state and federal causes of action against BAC, an unidentified lender, and/or unspecified non-parties. Among her rambling and

---

[1] The Court may consider the Deed of Trust without converting this motion into a motion for summary judgment because Chianella refers to it in the Complaint. [See Compl. at 19] The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998). Although Chianella did not physically attach the document to the Complaint, "a district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir. 1998) (internal citations and quotations omitted). Further, the Deed of Trust is a matter of public record and properly subject to judicial notice. See Pesci v. IRS, 67 F. Supp. 2d 1189, 1191-92 (D. Nev. 1999), aff'd, 225 F.3d 663 (9th Cir. 2000) (court deciding motion to dismiss may consider matters subject to judicial notice).

[2] Like the Deed of Trust, the Sale Notice is a public record properly subject to judicial notice.

676990.2

confusing allegations, Chianella asserts that BAC and/or unspecified other non-parties committed various acts of fraud, criminally conspired against her, breached their fiduciary duties, violated RESPA and TILA, were unjustly enriched, breached the implied contractual covenant of good faith and fair dealing, and intentionally subjected her to severe emotional distress. [Compl. at 1-2, 9, 11-14, 18-23]

Chianella also alleges that BAC, an unidentified lender, and/or unspecified non-parties failed to produce the "original promissory note" or "contract," are not the "real party in interest," and lack "standing" regarding the Loan. [Compl. at 2, 6-9] Finally, Chianella makes confusing, admittedly "outrageous," and sweeping indictments of the entire mortgage industry. [Compl. at 2-6] In so doing, Chianella alleges that the misdeeds of various industry participants somehow render the Loan unenforceable and entitle her to a windfall through "re-conveyence of the subject property" to her, presumably free and clear of any liens or debt obligations. [Compl. at 7]

## II.   LEGAL STANDARD.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A plaintiff cannot meet her burden simply by contending that she "might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." Id. at 1950.

In considering a motion to dismiss, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice, are conclusory or mere legal conclusions, or unwarranted deductions of fact or unreasonable inferences, or contradicted by documents referred to in the Complaint, or are internally inconsistent." Pesci v. IRS, 67 F. Supp. 2d 1189, 1191-92 (D. Nev. 1999), aff'd, 225 F.3d 663 (9th Cir. 2000) (citations omitted). Dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed for failure to state a claim. Iqbal, 129 S.Ct. at 1951.

### III.   ARGUMENT.

#### A.   Chianella Fails To Satisfy Rule 8's And Iqbal And Twombly's Pleading Requirements.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's statement of her claim must give the defendant "fair notice of what the claim is and the ground upon which it rests." Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Each allegation "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Complaints that are "verbose, confusing and conclusory" violate Rule 8 and may be dismissed. See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673–74 (9th Cir. 1981).

The Complaint does not contain short and plain statements of any of the claims upon which Chianella seeks relief. Instead, the Complaint is a collection of confusing, meandering, and randomly inserted allegations and legal theories, many of which appear

676990.2

4

to have been copied from unrelated pleadings or the internet. Chianella also fails to set forth sufficient facts demonstrating violations of any of the laws she invokes.

At various places, the Complaint impermissibly asserts generalized allegations against an unspecified "Lender" and/or unspecified "Defendants." [See, e.g., Compl. at 1, 6-7, 8-9, 18, 22] This alone is cause to dismiss the Complaint, because Federal Rule of Civil Procedure 8 requires that each defendant be placed on notice of the particular charges against it. See Arikat v. J.P. Morgan Chase & Co., 430 F. Supp. 2d 1013, 1023 (N.D. Cal. 2006) (dismissing generalized allegations against all thirteen defendants as "improper"). Additionally, many of the allegations appear related to the loan origination process for the Loan. As reflected in the Deed of Trust, BAC is not Chianella's original lender. [See Ex. A] She makes no allegations that BAC originated or was otherwise involved with the making of the Loan. BAC is thus not the proper defendant for any alleged misconduct related to the loan origination process.

Finally, BAC cannot determine what other causes of action Chianella may have intended to assert in the Complaint. Beyond the separate headings purportedly setting out certain causes of action, Chianella has littered the Complaint with other allegations she may have intended as causes of action. BAC cannot distinguish Chianella's more vague and confusing allegations, let alone guess possible causes of action from them.

**B.  Chianella's "Original Promissory Note" Theory And Related Arguments Lack Merit.**

Chianella alleges that BAC, an unidentified "Lender," and/or unspecified other "Defendants" failed to produce the "original promissory note" or "contract," are not the "real party in interest," and lack "standing" regarding the Loan and foreclosure of the Property. [Compl. at 2, 6-9] This Court has resoundingly rejected this "show me the note" theory, i.e., the contention that the trustee, beneficiary, or agent of the beneficiary under a deed of trust cannot exercise the power of sale unless it also is the holder of the borrower's promissory note. See Diessner v. MERS, 618 F. Supp. 2d 1184, 1187–88 (D.

676990.2

5

Ariz. 2009), aff'd, 2010 WL 2464899 (9th Cir. June 17, 2010) ("Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings"); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (dismissing complaint based on "show me the note" theory); Goodyke v. BNC Mortgage Inc., 2009 WL 2971086, *2 (D. Ariz. Sept. 11, 2009) ("Because [p]laintiffs' action involves the nonjudicial foreclosure of a real estate mortgage under Arizona statutes that do not require presentation of the original note before commencing foreclosure proceedings, Count Two fails to state a claim upon which relief may be granted"); Garcia v. GMAC Mortgage LLC, 2009 WL 2782791, *3 (D. Ariz. Aug. 31, 2009) (dismissing complaint asserting "original note" argument).

Equally, no "real party in interest" rule applies to non-judicial foreclosures under a deed of trust. The term "real party in interest" is found in Federal Rule of Civil Procedure 17 and is relevant in the context of parties pursuing federal lawsuits. See Fed. R. Civ. P. 17(a). A trustee's sale held by virtue of a power of sale in a deed of trust is a non-judicial foreclosure process governed exclusively by A.R.S. §§ 33-801–821, making Rule 17(a) irrelevant in this context. Chianella has no basis for disputing a trustee's sale on the ground that the initiating party is not the "real party in interest." She is equally mistaken that there is a "standing" requirement. There is no standing requirement under A.R.S. §§ 33-801–821 for the trustee to foreclose on trust property. Section 33-807(A) is clear that the existence of a deed of trust confers inherent authority on the trustee to sell the trust property upon the borrower/trustor's default.

### C. Chianella Fails To State A Claim For Breach Of Fiduciary Duty.

Chianella alleges that "Defendants Agent, appraiser, trustee, Lender, et al, and each of them, owed Petitioner a fiduciary duty of care with respect to the mortgage loan transactions," and that "Defendants" breached their fiduciary duties by not complying with "all applicable laws governing the loan transactions." [Compl. at 20] Chianella fails to support these conclusory allegations with any facts, fails to identify any duty BAC

676990.2

6

1  allegedly owed her, and fails to specify how BAC supposedly breached any such duty.
2  Even if Chianella could provide facts showing that BAC owed her a fiduciary duty and
3  breached it, her claim would be untimely under Arizona's two-year statute of limitations.
4  A.R.S. § 12-542; <u>CDT, Inc. v. Addison, Roberts and Ludwig, C.P.A., P.C.</u>, 198 Ariz.
5  173, 175, 7 P.3d 979, 981 (Ct. App. 2000).

### D. Chianella Fails To State A Claim For Negligence or Negligence Per Se.

Chianella alleges that unspecified "Defendants owed a general duty of care . . . to properly perform due diligence as to the loans [sic]" and "owed a duty of care under TILA, HOEPA, RESPA." [Compl. at 20] All of Chianella's negligence allegations appear related to the loan origination process for the Loan.

To establish negligence, Chianella must prove "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." <u>Diaz v. Phoenix Lubrication Serv., Inc.</u>, 224 Ariz. 335, 338, 230 P.3d 718, 721 (Ct. App. 2010) (internal citation omitted). Beyond offering insufficient facts to support any of the required negligence elements, Chianella fails to identify which specific party allegedly acted negligently or how BAC was involved in the making of the Loan. Even if she had properly made out a negligence claim, BAC would not be the proper defendant. Furthermore, Chianella's negligence allegations based on TILA, HOEPA, or RESPA fail because a defendant cannot be negligent under these statutes. Rather, a defendant either complies with each applicable statute or violates it.

### E. Chianella Does Not Plead Any Fraud Claims With Particularity.

At various places in the Complaint, Chianella vaguely alleges that BAC, an unidentified "Lender," and/or unspecified other "Defendants" committed various types of fraud. [<u>See, e.g.,</u> Compl. at 1, 6-7, 9, 21] Fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). Under Arizona law, Chianella must prove: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

676990.2

truth; (5) the speaker's intent it should be acted upon by the person and in a manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) her reliance on its truth; (8) her right to rely thereon; and (9) her consequent and proximate injury. Green v. Lisa Frank, Inc., 221 Ariz. 138, 156, 211 P.3d 16, 34 (Ct. App. 2009). As courts uniformly recognize, "[b]road claims without factual support fail to adequately give defendants notice of the particular misconduct alleged to constitute fraud and, consequently, fail to satisfy FRCP 9(b)." Hearn v. R.J. Reynolds Tobacco Co., 279 F. Supp. 2d 1096, 1113 (D. Ariz. 2003) (internal citation omitted) (dismissing plaintiffs' fraud claims for failure to plead with particularity).

Chianella does not meaningfully identify what the alleged false representations were, how they were material, whether or how BAC made the alleged false representations, why she relied on them, or why that reliance was reasonable. Furthermore, many of her fraud claims appear related to loan origination and thus do not even apply to BAC. [See Compl. at 6-7]

### F. Chianella's Breach Of The Implied Covenant Of Good Faith And Fair Dealing Claim Fails As A Matter Of Law.

Chianella appears to have copied and pasted her breach of the implied covenant of good faith and fair dealing ("Good Faith") claim entirely from unrelated pleadings or the internet without any editing. [See Compl. at 22-23] BAC thus cannot know what Good Faith allegations, if any, she even intended. Regardless, Chianella must sufficiently plead that she entered into a contract with BAC before the duty of Good Faith may attach. Rawlings v. Apodaca, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986) (en banc) ("The duty arises by virtue of a contractual relationship."). Chianella has not alleged that BAC, who is merely the loan servicer, was even a party to the contractual documents underlying the Loan. She cannot therefore allege that BAC breached any contractual covenant, let alone Good Faith.

676990.2

8

### G.   Chianella Fails To State A TILA Claim.

The Complaint includes a heading alleging "violation" of the Truth in Lending Act (15 U.S.C. §§ 1601 et seq.) ("TILA") but provides nothing in support. [Compl. at 23] BAC cannot determine where else in the Complaint Chianella may have intended to assert a TILA claim. She alleges no facts and in no way identifies how BAC, who did not originate the Loan, allegedly violated any TILA provisions. In any event, the statute of limitations bars any intended TILA allegations. Section 1640(e) of TILA provides that TILA actions must be brought "within one year from the date of the occurrence of the violation." The date of violation refers to the date "the loan documents were signed." Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (affirming district court's dismissal of plaintiffs' TILA damages claim as time-barred). Chianella executed the Deed of Trust and other relevant loan documents on June 8, 2007, rendering any intended TILA claim time-barred.

### H.   Chianella Fails To State A Claim For Intentional Infliction Of Emotional Distress.

Chianella contends that conduct by unspecified "Defendants" caused her to "suffer severe emotional stress" and "economic and non economic harm and detriment." [Compl. at 23-24] Her claim for intentional infliction of emotional distress ("IIED") must fail. Chianella must prove three elements to succeed in a claim for IIED. Citizen Publishing Co. v. Miller, 210 Ariz. 513, 516, 115 P.3d 107, 110 (2005) (en banc). The defendant's conduct (i) must be "extreme and outrageous," (ii) must "either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct," and (iii) must result in "severe emotional distress." Id. (internal quotations and citations omitted).

Chianella simply recites the IIED elements, baldly asserts a favorable legal conclusion for each element, and offers no factual support. [Compl. at 23-24] Her failure to plead any facts showing that BAC intentionally, or with reckless disregard,

676990.2

9

caused Chianella emotional distress, or any facts regarding the severity of such distress, renders her IIED allegations baseless.

## I.   Chianella Fails To State A Claim For Conspiracy.

Chianella alleges that unspecified "Defendants, by and through Defendants' Agents, conspired with other Defendants, et al, toward a criminal conspiracy to defraud Petitioner." [Compl. at 9]  There is no independent tort of conspiracy in Arizona. Baker ex rel. Hall Brake Supply Inc. v. Stewart Title & Trust of Phoenix Inc., 197 Ariz. 535, 545, 5 P.3d 249, 259 (Ct. App. 2000) ("A civil conspiracy requires an underlying tort which the alleged conspirators agreed to commit.").  The putative conspiracy claim must fail because, for the reasons already set forth, Chianella has not adequately alleged fraud or any other underlying unlawful conduct.

A conspiracy must also be plead with particularly. "[A] plaintiff must allege with sufficient factual particularity that defendants reached some explicit or tacit understanding or agreement.  It is not enough to show that defendants might have had a common goal unless there is a factually specific allegation that they directed themselves towards this wrongful goal by virtue of a mutual understanding or agreement." S. Union Co. v. Sw. Gas Corp., 165 F. Supp. 2nd 1010, 1020–21 (D. Ariz. 2001); see also DM Research Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 56 (1st Cir. 1999) (cited with approval in Twombly, 550 U.S. at 557) ("But terms like 'conspiracy,' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation—for example, identifying a written agreement or even a basis for inferring a tacit agreement—but a court is not required to accept such terms as a sufficient basis for a complaint.  The case law on this point is ample.").  Chianella has made no "factually specific allegations" that BAC conspired to wrong her.  Accordingly, she fails to state a claim for conspiracy.

. . .

. . .

**J.    Chianella Fails To State A RESPA Claim.**

The Real Estate Settlement Procedures Act (12 U.S.C. §§ 2601 et seq.) ("RESPA") "requires mortgage lenders to disclose the costs associated with real estate closing, prohibits fee-splitting in connection with settlement services except for services actually performed, and prohibits giving or accepting anything of value in exchange for referrals except in certain circumstances." Diessner v. MERS, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009), aff'd, 2010 WL 2464899 (9th Cir. June 17, 2010) (internal quotes and citations omitted).

Chianella alleges that "Lender charged fees to Petitioner" in excess of RESPA's limits, failed to provide certain documentation, and committed various other "apparent RESPA violations." [Compl. at 11-12, 13]  She does not identify the specific RESPA provisions which BAC allegedly violated, nor does she provide anything more than conclusory statements, many of which appear to have been copied entirely from other pleadings or the internet.  Such conclusory statements fall far short of her obligation to provide a factual basis to support a RESPA claim.

Regardless, any intended RESPA claim fails because it is time-barred under either a 1-year or 3-year statute of limitations.  See Diessner, 618 F. Supp. at 1189.  Chianella obtained the Loan on or around June 8, 2007 and did not file the Complaint until August 18, 2010, after the expiration of both statutes of limitation.

**K.    Chianella Has No Cause Of Action Under 15 U.S.C. § 45.**

Chianella also contends that unspecified "Defendants . . . have engaged in a variety of unfair and unlawful business practices prohibited by 15 USC [sic] Section 45 et seq." [Compl. at 14]  Chianella fails to identify any specific defendant or provide any facts whatsoever as to which specific acts were unfair or unlawful pursuant to this statute. Regardless, 15 U.S.C. § 45 empowers the Federal Trade Commission, not individual plaintiffs, to prevent unfair competition and "unfair or deceptive acts or practices in or

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

affecting commerce" by bringing a civil lawsuit. 15 U.S.C. §§ 45(a)(2), 45(m)(1)(A), 57b(a). Chianella therefore has no cause of action under 15 U.S.C. § 45.

### L.    Chianella Fails To State A Claim For Unjust Enrichment.

Chianella alleges that unspecified "Defendants" were unjustly enriched through various fees and payments "at Petitioner's expense." [Compl. at 18]  To recover on an unjust enrichment claim under Arizona law, "a claimant must show (1) an enrichment, (2) an impoverishment, (3) a connection between the two, (4) the absence of justification for the enrichment and impoverishment and (5) the absence of any remedy at law." Mousa v. Saba, 222 Ariz. 581, 588, 218 P.3d 1038, 1045 (Ct. App. 2009) (citations omitted). Importantly, "if there is 'a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.'" Trustmark Ins. Co. v. Bank One, 202 Ariz. 535, 542, 48 P.3d 485, 492 (Ct. App. 2002) (quoting Brooks v. Valley Nat'l Bank, 113 Ariz. 169, 174, 548 P.2d 1166, 1171 (1976)).

Chianella cannot maintain a claim for unjust enrichment. As reflected in the Deed of Trust, she had a written contract for the Loan. [See Ex. A at 2]  Although Chianella chose not to bring a breach of contract action against her original lender, she cannot "seek[ ] to avoid possible contractual limitations on [her] recovery by resorting to an unjust enrichment cause of action." Trustmark Ins. Co., 202 Ariz. at 543, 48 P.3d at 493. Thus, she has a legal remedy, and cannot assert unjust enrichment. Moreover, Chianella received the benefit of the Loan in the form of hundreds of thousands of dollars in loan proceeds. "A person is not entitled to compensation on the grounds of unjust enrichment if he receives from the other that which it was agreed between them the other should give in return." Brooks, 113 Ariz. at 174, 548 P.2d at 1171 (citing Restatement of Restitution § 107 cmt. 1(a)).

### M.    Chianella's Quiet Title Claim Cannot Succeed.

Chianella's purported quiet title claim is based on her insufficiently pleaded fraud allegations and her meritless "show me the note" theory. [See Compl. at 19]  As

676990.2

discussed at pages 5-6 and 7-8 above, these allegations fail to state any claim for relief. Regardless, Chianella cannot allege a claim for quiet title because she is in default on the Loan. "[I]n an action to quiet title, the party invoking the court's jurisdiction is required to do equity and, if it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless he pays off such mortgage lien." Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941). It would be inequitable to permit Chianella to obtain the Loan, enter into the Deed of Trust to secure the Loan, get the full use and enjoyment of the loaned funds, then refuse to repay the Loan and simultaneously deprive ReconTrust of the right, as successor trustee, to foreclose on the Property under the Deed of Trust. Chianella should not, therefore, be permitted to quiet title to the Property.

## Relief Requested

For the foregoing reasons, BAC respectfully requests that the Court enter an order dismissing the Complaint with prejudice.

DATED this 24th day of September, 2010.

BRYAN CAVE LLP


By   /s/Coree E. Neumeyer
     Robert W. Shely
     Coree E. Neumeyer
     Michael B. Dvoren
     Two North Central Avenue, Suite 2200
     Phoenix, AZ  85004-4406

     Attorneys for Defendant BAC Home Loans Servicing, LP

676990.2

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a copy sent via U.S. mail to the following, who is not a registered participant of the CM/ECF System:

Jo-Ann Chianella
18521 E. Queen Creek Rd., Ste 105-604
Queen Creek, Arizona  85142
Plaintiff Pro Per


By: s/Carol McKeever

676990.2

14