BRYAN CAVE LLP, #00145700
Robert W. Shely, #014261
Coree E. Neumeyer, #025787
Michael B. Dvoren, #027386
Two North Central Avenue, Suite 2200
Phoenix, Arizona  85004-4406
Telephone:  (602) 364-7000
Facsimile:  (602) 364-7070
rwshely@bryancave.com
coree.neumeyer@bryancave.com
michael.dvoren@bryancave.com

Attorneys for Defendant BAC Home
Loans Servicing, LP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jo-Ann Chianella,<br><br>    Plaintiff,<br><br>vs.<br><br>BAC Home Loans Servicing, LP,<br><br>    Defendant. | No. CV 10-01764-PHX-ROS<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>(Hon. Roslyn O. Silver) |

Plaintiff Jo-Ann Chianella's ("Chianella") Response to BAC Home Loans Servicing, LP's ("BAC") Motion to Dismiss (the "Response") fails to cure any of the deficiencies plaguing her Complaint.[1]  Like the Complaint, the Response appears to have been copied almost entirely from other pleadings or the Internet with little editing.  The Response fails to clarify any of the Complaint's vague and conclusory allegations and fails to defend against BAC's arguments raised in its Motion to Dismiss (the "Motion").

---

[1] Unless otherwise specified herein, capitalized terms have the same meaning ascribed to them in BAC's Motion to Dismiss.  [See Doc. No. 15]

678346.3

Accordingly, BAC respectfully requests that the Court enter an order dismissing the Complaint with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Chianella's Response Fails To Clarify Her Previous Allegations.

Chianella devotes almost the entire Response to merely repeating the Complaint's allegations and legal theories regarding TILA, RESPA, fraud, conspiracy, and the "show me the note" theory. [See Response ¶¶ 1-3, 6-12, 14-25]  For the reasons set forth in the Motion, these allegations are meritless, insufficiently plead, and/or time-barred.

The Response also fails to clarify how BAC could be liable to Chianella under any cause of action invoked in the Complaint.  The substantive allegations in the Response all appear related to the loan origination process for the Loan.  Like the Complaint, the Response provides no facts whatsoever showing that BAC was Chianella's original lender or was otherwise involved with making the Loan.  To the contrary, the Deed of Trust, attached to the Motion, makes clear that BAC neither originated nor funded the Loan. [See Motion, Ex. A]

### II. 16 C.F.R. § 433 Does Not Apply To Chianella's Loans And She Has No Cause Of Action Under It.

Chianella alleges that BAC claims "standing to express the provisions of the contract of sale and lien" and is therefore "subject to any claim" Chianella may have against her original lender "under the Federal Trade Commission Holder Rule 16 CFR 433." [Response ¶ 13]  These allegations are meritless and confusing.

16 C.F.R. § 433.2 requires that certain consumer credit contracts contain a notice stating in part that "any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained." 16 C.F.R. § 433.2(a).  Section 433.2(a) does not apply to the Loan.  Johnson v. Long Beach Mortg. Loan Trust 2001-4, 451 F.Supp.2d 16, 55 (D.D.C. 2006) ("[A] 'consumer credit contract' made in connection with any sale of 'goods and services' does not

2

678346.3

include a mortgage loan agreement not made in connection with a sale of goods or services."). Furthermore, Chianella has no private cause of action or remedy under Section 433. Kilgore v. KeyBank, __ F.Supp.2d __, 2010 WL 1461577, at *3 (N.D. Cal. 2010) ("No private right of action exists to enforce [16 C.F.R. § 433], violations of which can only be pursued by the FTC."); Johnson, 451 F.Supp.2d at 55 n.20 ("the Court notes that 16 C.F.R. § 433 "does not provide a remedy as a matter of federal law"). For these reasons, BAC is not "subject to any claim" Chianella alleges she may have against her original lender under Section 433.

### III.  Chianella Abandoned Seven Claims.

Chianella failed to come forward with points and authorities opposing numerous arguments in the Motion as the Court's local rules and case law require if a party wishes to defend against a motion. See LRCiv 7.2(b), (c); see also E.E.O.C. v. Eagle Produce, L.L.C., 2008 WL 2796407, at *2 (D. Ariz. July 18, 2008) ("Parties must come forward with their points and authorities in support of or in opposition to a motion."). Under the local rules, the Court is entitled to treat a failure to respond as a waiver of the issue and consent to BAC's arguments. See LRCiv 7.2(i), (b), (c); Doe v. Dickenson, 2008 WL 4933964, at *5; see also Calugay v. GMAC Mortgage, 2009 WL 3872356, at *1 (D. Ariz. Nov. 18, 2009) ("[A] plaintiff's failure to oppose a motion is deemed to be her consent to it being granted."); Garcia v. GMAC Mortgage, LLC, 2009 WL 2782791 (D. Ariz. Aug. 31, 2009) ("If an argument is not properly argued and explained, the argument is waived."); Currie v. Maricopa County Cmty. College Dist., 2008 WL 2512841, at *2 n.1 (D. Ariz. June 20, 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion[.]"). The Ninth Circuit instructs that the Court cannot manufacture arguments for a party, but may "review only issues which are argued specifically and distinctly…." Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003).

678346.3

In the Motion, BAC established that Chianella's claims for breach of fiduciary duty, negligence or negligence per se, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, unlawful business practices under 15 U.S.C. § 45, unjust enrichment, and quiet title, are defective and merit dismissal with prejudice. Chianella fails to set forth any controverting authority to BAC's arguments regarding those claims. Further, Chianella does not provide additional factual allegations in the Response or give any indication that she can do so. Rather, she merely offers to provide a more definite statement should the Court treat the Motion as a request for a more definite statement. [Response ¶¶ 4, 26] The Response provided Chianella's opportunity to address the defects BAC identified. Instead of addressing those defects, Chianella wastes nearly eight pages rehashing the same allegations found in the Complaint. Chianella did not defend the above-referenced claims in the Response, and the Court should dismiss them summarily under LR Civ 7.2(i).

### IV. The Court Should Not Treat BAC's Motion To Dismiss As A Request For A More Definite Statement.

Chianella asks the Court to deny the Motion or, in the alternative, treat it as a request for a more definite statement, in which case Chianella claims she will provide such statement. [Response ¶¶ 4, 26] BAC asks that the Court deny Chianella's request. Through the Complaint and the Response, Chianella demonstrates her inability to provide a more definite statement.

BAC also requests that the Court not permit Chianella to amend the Complaint because any effort to do so would be futile. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend"). Naming BAC as a defendant in an amended complaint for allegations related to loan origination would be futile for the reasons set forth above. Moreover, each allegation in the Complaint, against any defendant, under every cause of action invoked, is meritless, insufficiently plead, and/or time-barred for the reasons set forth in

4

678346.3

the Motion.  Granting Chianella leave to amend the Complaint to re-raise these meritless allegations will not result in her bringing any valid claim upon which the Court may grant relief.

**Relief Requested**

For the foregoing reasons, BAC respectfully requests that the Court enter an order dismissing the Complaint with prejudice and deny Chianella's request that the Court treat BAC's Motion to Dismiss as a request for a more definite statement.

RESPECTFULLY SUBMITTED this 18th day of October, 2010.

                BRYAN CAVE LLP


By   /s/ Michael B. Dvoren
Robert W. Shely
Coree E. Neumeyer
Michael B. Dvoren
Two North Central Avenue, Suite 2200
Phoenix, AZ  85004-4406

Attorneys for Defendant BAC Home Loans Servicing, LP

5

678346.3

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a copy sent via U.S. mail to the following, who is not a registered participant of the CM/ECF System:

Jo-Ann Chianella
18521 E. Queen Creek Rd., Ste 105-604
Queen Creek, Arizona  85142
Plaintiff Pro Per

By: /s/ Michael B. Dvoren

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

6

678346.3