IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jo-Ann Chianella, | No. CV-10-01764-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| BAC Home Loans Servicing LP, | |
| Defendant. | |

Defendant BAC Home Loans Servicing, LP ("BAC") moves to dismiss all of Plaintiff's claims. Also, Plaintiff has moved for sanctions against BAC. For the following reasons, the motion to dismiss will be granted and the motion for sanctions will be denied.

In 2007 Plaintiff borrowed $511,116.00 from Countrywide Home Loans, Inc. to purchase property in Gilbert, Arizona. Plaintiff later defaulted on that loan and a Notice of Trustee's Sale was recorded. BAC was not involved in the original loan but is the current servicer of the loan.

On August 18, 2010, Plaintiff filed her complaint against BAC. That complaint is a generalized grievance against the entire mortgage industry. Plaintiff did not draft the complaint. Instead, Plaintiff apparently downloaded the complaint from the Internet and

1  changed minor details such as the address of her home.[1]  Plaintiff's complaint does not
2  provide any clear indication of how BAC harmed her or the claims she wishes to pursue
3  against BAC.[2]  Plaintiff's complaint simply does not provide BAC notice of the claims
4  Plaintiff wishes to assert.  The motion to dismiss must be granted.

5  Determining whether to grant Plaintiff leave to amend depends on the evaluation of
6  five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility
7  of amendment; and (5) whether plaintiff has previously amended [her] complaint." *Schmier*
8  *v. United States Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002).
9  Plaintiff has not previously amended her complaint and it is not clear that she will be unable
10 to state claims for relief against BAC.  Plaintiff will be granted leave to amend.  Plaintiff is
11 cautioned, however, that copying her entire complaint from the Internet is not appropriate.
12 Plaintiff's amended complaint must state in a clear and concise fashion the way BAC harmed
13 her and the claims she wishes to pursue against BAC.

14 Finally, Plaintiff has filed a motion for Rule 11 sanctions.  That rule required Plaintiff
15 serve BAC with a copy of the motion 21 days prior to filing the motion with the Court.
16 Plaintiff did not do this.  The motion will be denied.

17 Accordingly,

18 **IT IS ORDERED** the Motion to Dismiss (Doc. 15) is **GRANTED WITH LEAVE**
19 **TO AMEND**.  Plaintiff shall file her amended complaint no later than October 29, 2010.
20 The Clerk of Court is directed to dismiss this case on October 29, 2010 if Plaintiff fails to file
21 an amended complaint by that date.

---

[1] The apparent source for Plaintiff's complaint can be found at http://www.scribd.com/doc/36849128/Basis-for-Complaint. (last visited October 19, 2010).

[2] The complaint assumes a number of Defendants and includes allegations such as "Defendants, by and through Defendant's Agents, conspired with other Defendants . . . to defraud [Plaintiff]." (Doc. 1 at 9). Given that BAC is the only defendant, large portions of the complaint are incoherent.

1    **IT IS FURTHER ORDERED** the Motion for Sanctions (Doc. 19) is **DENIED**.

2    DATED this 19th day of October, 2010.

_____
Roslyn O. Silver
United States District Judge