BRYAN CAVE LLP, #00145700
Robert W. Shely, #014261
Coree E. Neumeyer, #025787
Michael B. Dvoren, #027386
Two North Central Avenue, Suite 2200
Phoenix, Arizona  85004-4406
Telephone:  (602) 364-7000
Facsimile:   (602) 364-7070
rwshely@bryancave.com
coree.neumeyer@bryancave.com
michael.dvoren@bryancave.com

Attorneys for Defendant BAC Home
Loans Servicing, LP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jo-Ann Chianella,<br><br>    Plaintiff,<br><br>vs.<br><br>BAC Home Loans Servicing, LP,<br><br>    Defendant. | No. CV 10-01764-PHX-ROS<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>(Hon. Roslyn O. Silver) |

Plaintiff Jo-Ann Chianella's ("Chianella") Response to the Defendant's Motion to Dismiss ("Response") fails to address any of the arguments raised by BAC Home Loans Servicing, LP ("BAC") in its Motion to Dismiss Amended Complaint ("Motion").[1] Indeed, the Response is merely a compilation of Chianella's Amended Complaint and Response to the first Motion to Dismiss, documents from which it appears Chianella copied verbatim with no additional argument or analysis.  The Response fails to clarify

---

[1] Unless otherwise specified herein, capitalized terms have the same meaning ascribed to them in BAC's Motion to Dismiss Amended Complaint. [See Doc. No. 24]

681864.1

any of the Amended Complaint's vague and conclusory allegations, fails to defend against BAC's arguments raised in its Motion, and fails to explain why Chianella persists in pursuing these claims against BAC.  It should be clear that Chianella cannot state a viable claim against BAC and that there is no basis upon which this litigation should continue.  Accordingly, BAC respectfully requests that the Court enter an Order dismissing the Amended Complaint with prejudice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   CHIANELLA ABANDONED ALL OF HER CLAIMS.

Chianella fails to come forward with points and authorities opposing any of the arguments in the Motion and, as such, fails to satisfy this Court's local rules and case law which require such points and authorities in opposition if a party wishes to defend against a motion.  See LRCiv 7.2(b), (c); see also E.E.O.C. v. Eagle Produce, L.L.C., 2008 WL 2796407, at *2 (D. Ariz. July 18, 2008) ("Parties must come forward with their points and authorities in support of or in opposition to a motion.").  Under the local rules, the Court is entitled to treat a failure to respond as a waiver of the issue and consent to BAC's arguments.  See LRCiv 7.2(i), (b), (c); Doe v. Dickenson, 2008 WL 4933964, at *5 (D. Ariz. Nov. 14, 2008); see also Calugay v. GMAC Mortgage, 2009 WL 3872356, at *1 (D. Ariz. Nov. 18, 2009) ("[A] plaintiff's failure to oppose a motion is deemed to be her consent to it being granted."); Garcia v. GMAC Mortgage, LLC, 2009 WL 2782791 (D. Ariz. Aug. 31, 2009) ("If an argument is not properly argued and explained, the argument is waived."); Currie v. Maricopa County Cmty. College Dist., 2008 WL 2512841, at *2 n.1 (D. Ariz. June 20, 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion[.]").  The Ninth Circuit instructs that the Court cannot manufacture arguments for a party, but may "review only issues which are argued specifically and distinctly…."  Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003).

681864.1

In the Motion, BAC established that it cannot be liable to Chianella under any cause of action raised in the Amended Complaint. The substantive allegations in the Amended Complaint are all related to the loan origination process for the Loan. Like the Amended Complaint, the Response provides no facts whatsoever showing that BAC was Chianella's original lender or was otherwise involved with making the Loan. To the contrary, the Deed of Trust, attached to the first Motion, makes clear that BAC neither originated nor funded the Loan. [See Doc. No. 15-1, at 3-22]

Further, BAC established that Chianella's claims for breach of Good Faith or fiduciary duty, negligence or negligence per se, fraud, violations of TILA or RESPA, intentional infliction of emotional distress, unfair business practices, and quiet title are defective and merit dismissal with prejudice. Chianella fails to set forth any controverting authority to BAC's arguments regarding those claims. Further, Chianella does not provide additional factual allegations in the Response or give any indication that she can do so.

The Response provided Chianella the opportunity to address the defects BAC has identified numerous times. Instead of addressing those defects, Chianella devotes almost the entire Response to merely reciting verbatim the allegations set forth in the Amended Complaint. [Compare, e.g., Response, at 2-3 ¶¶ 6-7, 3-6 ¶¶ 8-13, 12-13 ¶¶ 36-39, with Am. Compl. ¶¶ 24-25, 45-51, 59-62] In those parts where she does not copy excerpts from the Amended Complaint, Chianella copies excerpts from her Response to the first Motion to Dismiss. [Compare, e.g., Response, at 14-21, with Doc. No. 18, at 6-13][2] Chianella provides absolutely no new arguments, authorities, or allegations in her Response. Chianella did not defend the above-referenced claims in the Response, and the Court should dismiss them summarily under LRCiv 7.2(i).

---

[2]   BAC has already responded to the arguments set forth by Chianella in her first Response (Doc. 18) and hereby incorporates by reference its rebuttal arguments as set out in its Reply thereto (Doc. 20).

3

681864.1

## II. THE COURT SHOULD NOT TREAT BAC'S MOTION TO DISMISS AMENDED COMPLAINT AS A REQUEST FOR A MORE DEFINITE STATEMENT.

Chianella asks the Court to deny the Motion or, in the alternative, treat it as a request for a more definite statement, in which case Chianella claims she will provide such statement. [Response, at 23, ¶ 74] BAC asks that the Court deny Chianella's request. A more definite statement will not change the fact that BAC is not a proper Defendant in this matter. Further, Chianella made an identical request in her previous Response. [See Doc. No. 18, at 7, ¶ 26] In that previous request, Chianella asserted that she "found evidence of knowing and deliberate criminal acts by lenders intended to defraud Plaintiff of Plaintiff' [sic] property and are [sic] prepared to file a more definite statement." Id. Despite that representation, Chianella provided no allegations in her Amended Complaint concerning that "evidence." Chianella has now clearly demonstrated her inability to provide a more definite statement through her Amended Complaint and her Response to the Motion.

BAC also requests that the Court not permit Chianella to further amend her Complaint because any effort to do so would be futile. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend"). Naming BAC as a Defendant in an Second Amended Complaint for allegations related to loan origination would be futile for the reasons set forth in the Motion. Moreover, each allegation in the Amended Complaint, against any Defendant, under every cause of action invoked, is meritless, insufficiently plead, and/or time-barred for the reasons set forth in the Motion. Granting Chianella further leave to re-raise these meritless allegations for a third time will not result in her bringing any valid claim upon which the Court may grant relief. It should be evident that all of Chianella's claims are ripe for dismissal.

4

681864.1

**Relief Requested**

For the foregoing reasons, BAC respectfully requests that the Court enter an Order dismissing the Amended Complaint with prejudice and deny Chianella's request that the Court treat BAC's Motion as a request for a more definite statement.

DATED this 17th day of December, 2010.

                BRYAN CAVE LLP


By s/ Coree E. Neumeyer
   Robert W. Shely
   Coree E. Neumeyer
   Michael B. Dvoren
   Two North Central Avenue, Suite 2200
   Phoenix, Arizona 85004-4406

   Attorneys for Defendant BAC Home Loans Servicing, LP

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

5

681864.1

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a copy sent via U.S. mail to the following, who is not a registered participant of the CM/ECF System:

Jo-Ann Chianella
18521 E. Queen Creek Rd., Ste. 105-604
Queen Creek, Arizona 85142
Plaintiff Pro Per

s/ Kathy J. O'Reilly

681864.1